**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
SCHENKER, INC.,

                                  Plaintiff,                        Case No. 2:20cv05731

-against-

AMERICAN BLAST SYSTEMS, INC.,

                                  Defendants.
-------------------------------------------------------------------x

## REPLY TO COUNTERCLAIMS

Plaintiff/Counterclaim Defendant Schenker, Inc. ("Schenker"), by and through its undersigned attorneys, as and for its Reply to the Counterclaims asserted by Defendant/Counterclaim Plaintiff American Blast Systems, Inc. ("ABS") in its Answer to Schenker's Complaint [D.E. 26], repeats and incorporates by reference all of the allegations set forth in its Complaint and further alleges upon information and belief as follows:

1. The allegations set forth in paragraph 1 of the Counterclaims do not require a response.

### Jurisdiction and Venue

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Counterclaims.

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Counterclaims.

4. Admits the allegations set forth in paragraph 4 of the Counterclaims.

5. Admits only that for the purposes of federal diversity jurisdiction, Schenker would be considered a citizen of the State of New York and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 5 of the Counterclaims.

6. Denies the allegations set forth in paragraph 6 of the Counterclaim as they constitute legal conclusions which do not require a response.

7. Denies the allegations set forth in paragraph 7 of the Counterclaims as they constitute legal conclusions which do not require a response.

8. Denies the allegations set forth in paragraph 8 of the Counterclaims as they constitute legal conclusions which do not require a response.

### Facts

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Counterclaims.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Counterclaims.

12. Admits only that in November 2017 ABS contracted with Schenker with regard to the transport of a shipment of certain glassware to ABS in California and, except as so expressly admitted, denies the remaining allegations set forth in paragraph 12 of the Counterclaims.

13. Denies the allegations set forth in paragraph 13 of the Counterclaims.

14. Denies the allegations set forth in paragraph 14 of the Counterclaims.

15. Denies the allegations set forth in paragraph 15 of the Counterclaims.

16. Admits only that ABS notified Schenker of alleged damage to the shipment and alleged losses by email and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 16 of the Counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Counterclaims.

18. Denies the allegations set forth in paragraph 18 of the Counterclaims.

19. Denies the allegations set forth in paragraph 19 of the Counterclaims.

## COUNT I
## Breach of Contract

20. Repeats and realleges each and every affirmative allegation, admission, denial and denial of knowledge or information in response to the allegations set forth in paragraphs 1 through 19 of the Counterclaims with the same force and effect as if more fully set forth herein at length in response to those allegations which are re-alleged in paragraph 20 of the Counterclaims.

21. Admits only that ABS had a valid and enforceable contract with Schenker with respect to the subject shipment, the terms and conditions of which are set forth therein and speak for themselves and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 21 of the Counterclaims.

22. Denies the allegations set forth in paragraph 22 of the Counterclaims.

23. Denies the allegations set forth in paragraph 23 of the Counterclaims.

24. Denies the allegations set forth in paragraph 24 of the Counterclaims.

25. Denies the allegations set forth in paragraph 25 of the Counterclaims.

26. Denies the allegations set forth in paragraph 26 of the Counterclaims.

27. Denies the allegations set forth in paragraph 27 of the Counterclaims.

28. Denies the allegations set forth in paragraph 28 of the Counterclaims.

29. Denies the allegations set forth in paragraph 29 of the Counterclaims.

30. Denies the allegations set forth in paragraph 30 of the Counterclaims.

31. Admits only that ABS notified Schenker of the alleged damage to the shipment of glass panes and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 31 of the Counterclaims.

32. Denies the allegations set forth in paragraph 32 of the Counterclaims.

33. Denies the allegations set forth in paragraph 33 of the Counterclaims.

34. Denies the allegations set forth in paragraph 34 of the Counterclaims.

## COUNT II
## Quantum Meruit
## (In the Alternative)

35. Repeats and realleges each and every affirmative allegation, admission, denial and denial of knowledge or information in response to the allegations set forth in paragraphs 1 through 34 of the Counterclaims with the same force and effect as if more fully set forth herein at length in response to those allegations which are re-alleged in paragraph 35 of the Counterclaims.

36. Denies the allegations set forth in paragraph 36 of the Counterclaims.

37. Denies the allegations set forth in paragraph 37 of the Counterclaims.

38. Denies the allegations set forth in paragraph 38 of the Counterclaims.

39. Admits only that Schenker has not made any payment to ABS for any alleged storage of the glass panes and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 39 of the Counterclaims.

40. Denies the allegations set forth in paragraph 40 of the Counterclaims.

41. Denies the allegations set forth in paragraph 41 of the Counterclaims.

## COUNT III
## Unjust Enrichment
## (In the Alternative)

42. Repeats and realleges each and every affirmative allegation, admission, denial and denial of knowledge or information in response to the allegations set forth in paragraphs 1 through 41 of the Counterclaims with the same force and effect as if more fully set forth herein at length in response to those allegations which are re-alleged in paragraph 42 of the Counterclaims.

43. Denies the allegations set forth in paragraph 43 of the Counterclaims.

44. Denies the allegations set forth in paragraph 44 of the Counterclaims.

45. Denies the allegations set forth in paragraph 45 of the Counterclaims.

46. Denies the allegations set forth in paragraph 46 of the Counterclaims.

47. Admits only that Schenker has not made any payment to ABS for any alleged storage of the glass panes and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 47 of the Counterclaims.

48. Denies the allegations set forth in paragraph 48 of the Counterclaims.

49. Denies the allegations set forth in paragraph 49 of the Counterclaims.

## COUNT IV
## Tortious Interference With Contract

50. Repeats and realleges each and every affirmative allegation, admission, denial and denial of knowledge or information in response to the allegations set forth in paragraphs 1 through 49 of the Counterclaims with the same force and effect as if more fully set forth herein at length in response to those allegations which are re-alleged in paragraph 50 of the Counterclaims.

51. Denies the allegations set forth in paragraph 51 of the Counterclaims.

52. Admits only that after receiving notification of the alleged damage to the subject shipment of glass panes, Schenker initiated an insurance claim with respect to the alleged damage and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 52 of the Counterclaims.

53. Admits only that ABS has not received any payment to date with respect to the insurance claim submitted by Schenker concerning the subject shipment of glass panes and, except as otherwise expressly admitted, denies the remaining allegations set forth in paragraph 53 of the Counterclaims.

54. Denies the allegations set forth in paragraph 54 of the Counterclaims.

55. Denies the allegations set forth in paragraph 55 of the Counterclaims.

## COUNT V
## Conversion

56. Repeats and realleges each and every affirmative allegation, admission, denial and denial of knowledge or information in response to the allegations set forth in paragraphs 1 through 55 of the Counterclaims with the same force and effect as if more fully set forth herein at length in response to those allegations which are re-alleged in paragraph 56 of the Counterclaims.

57. Denies the allegations set forth in paragraph 57 of the Counterclaims.

58. Denies the allegations set forth in paragraph 58 of the Counterclaims.

59. Denies the allegations set forth in paragraph 59 of the Counterclaims.

60. Denies the allegations set forth in paragraph 60 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Counterclaims are untimely pursuant to the applicable contract(s) and/or tariff(s) and/or statute(s).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are untimely and should be dismissed as notice was not timely made to Schenker within the required time frame set forth in the Schenker Terms and Conditions and/or the applicable contract of carriage.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are untimely and should be dismissed as they were not filed within one year of the date of delivery of the cargo as required under the Schenker Terms and Conditions, subject contract of carriage and/or the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

In the event said shipment moved subject to any limitations of liability, Defendant/Counterclaim Plaintiff herein may not recover in excess of such limitations of liability on the amount of damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The shipment that is the subject of the Counterclaims was transported in accordance with, and subject to the terms and conditions of all applicable contracts, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, any applicable tariffs and classifications, and the rules set forth therein.  Plaintiff/Counterclaim Defendant duly performed the terms and conditions on its part, if any, to be performed.  Plaintiff/Counterclaim Defendant claims the benefit of all defenses accorded it by those contracts, forwarding agreements, waybills, warehouse receipts, invoices, bills of lading, and applicable tariffs and classifications, and the rules set forth therein and any other applicable contracts under which the cargo was subject and/or handled.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The shipments in question, to the extent that any are determined to have been the responsibility of the Plaintiff/Counterclaim Defendant, were subject to all of the terms, conditions, defenses, limitations and limitations of liability of the United States Carriage of Goods by Sea Act or any other applicable cargo liability regime.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The shipments in question, to the extent that any are determined to have been the responsibility of the Plaintiff, were subject to all of the terms, conditions, defenses, limitations and limitations of liability available under bills of lading and/or sea waybills issued by the Plaintiff/Counterclaim Defendant including, but not limited to, the Plaintiff/Counterclaim Defendant's terms and conditions of carriage.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any loss or damage to the goods, as alleged in the Counterclaims, and which is denied, arose or resulted from the condition of the goods when delivered and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties, and not Schenker.  If any damage was sustained by the shipments referred to in the Counterclaims, which is denied, such damage was not caused by or contributed to by Schenker.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant is not guilty of any negligence, breach of contract, breach of bailment, or other culpable fault, in regard to the transportation of goods which is the subject of this Counterclaim.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest to this suit.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant has performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by Plaintiff/Counterclaim Defendant in accordance with applicable law and the terms and conditions of the applicable contract of carriage.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant/Counterclaim Plaintiff and or others on its behalf did not deliver the cargo in good order and condition.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant/Counterclaim Plaintiff failed to provide proper instruction for the subject shipment.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant/Counterclaim Plaintiff's alleged damages were caused, in whole or in part, by the acts, or failure to act, of third parties over whom Plaintiff/Counterclaim Defendant had no control.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant/Counterclaim Plaintiff has failed to mitigate its alleged damages.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

The Counterclaims are barred by the doctrine of laches, estoppel and waiver.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Defendant/Counterclaim Plaintiff has breached the express and/or implied terms of the contract of carriage with Plaintiff/Counterclaim Defendant, and, due to said breach(es) of contract, Defendant/Counterclaim Plaintiff cannot assert any claims for relief against Plaintiff/Counterclaim Defendant.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Pursuant to the Schenker terms and conditions and/or contract of carriage, Plaintiff/Counterclaim Defendant is not liable for any consequential damages or losses allegedly sustained by any party in interest herein, including the Defendant/Counterclaim Plaintiff.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Upon information and belief, and pursuant to the Schenker terms and conditions and/or provisions of the contract of carriage, Plaintiff/Counterclaim Defendant can have no liability to the Defendant/Counterclaim Plaintiff herein unless this Plaintiff/Counterclaim Defendant has been shown to have been negligent in its provision of service under said contract of carriage, that this Plaintiff/Counterclaim Defendant was not negligent and had taken all necessary measures to avoid any such loss, damage or delay, or it was impossible for this Plaintiff/Counterclaim Defendant to take such measures or it could not avoid such loss, damage or delay or it was unable to prevent same pursuant to the provisions of the contract of carriage and by reason thereof, this Plaintiff/Counterclaim Defendant can have no liability to Defendant/Counterclaim Plaintiff herein.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery, and thus reserves the right to amend its Reply to Counterclaims to assert any such defenses.

Dated: New York, New York
June 9, 2021

                              NICOLETTI HORNIG & SWEENEY
                              *Attorneys for Plaintiff/Counterclaim Defendant*
                              *Schenker, Inc.*

                               */s/ Val Wamser*
                        By: _____
                              Nooshin Namazi, Esq.
                              Val Wamser, Esq.
                              Wall Street Plaza
                              88 Pine Street, 7th Floor
                              New York, New York 10005-1801
                              Tel. No: (212) 220-3830
                              E-mail: vwamser@nicolettihornig.com

T:\vw\2-266.Reply to Counterclaim.doc